Matter of Yarusso v Sewell (2024 NY Slip Op 05299)

Matter of Yarusso v Sewell

2024 NY Slip Op 05299

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 151578/23 Appeal No. 2901 Case No. 2023-04867 

[*1]In the Matter of Richard Yarusso Petitioner-Appellant,
v
Keechant Sewell, etc., et al., Respondents-Respondents.

Chet Lukaszewski, P.C., Mineola (Chester Lukaszewski of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Martin Rowe III of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 11, 2023, denying the petition to annul the determination of respondent Board of Trustees, dated January 11, 2023, which denied petitioner's application for accidental disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner, a New York City Police lieutenant, alleged that he sustained permanent hearing loss as a result of an assignment to a rap and rock concert detail where he was exposed to extremely loud noise and had no hearing protection. The Trustees denied petitioner's claim for accidental disability retirement (ADR) benefits, finding that although the concert caused petitioner's hearing loss, the event was not an accident for purpose of ADR eligibility.
Supreme Court properly found that petitioner did not sustain his burden of showing that the Trustees' determination to deny his application for ADR benefits was arbitrary and capricious or unlawful as a matter of law. ADR benefits are awardable only where a person's disability was the natural and proximate result of a service-related accident — that is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). Petitioner did not contend that there was a sudden burst of loud music while he was positioned near the loudspeakers, nor does the record support such a contention. Rather, the petition alleged that the loud music persisted for several hours while petitioner was on duty at the concert detail. Thus, petitioner's injury was the result of an incidental event, not an accidental one. The risk inherent in the assignment was part of petitioner's regular job duties and loud music at a rap and rock concert was not unexpected, nor did petitioner provide objective evidence that the music at the concert was unusually loud and out of the ordinary as compared with other concerts of the same kind (see Matter of Cardone v Codd, 59 NY2d 700, 701 [1983]; Hoehl v Kelly, 4 AD3d 228, 229 [1st Dept 2004]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024